IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Jonathan W. Wright,<br>　　　　　　Plaintiffs,<br>　　vs.<br>Dr. Michael Ferlauto; South Carolina Department of Mental Health; Wellpath; SC Treasure Office,<br>　　　　　　Defendants. | Civil Action No. 0:25-cv-6875-CMC<br><br>**ORDER** |

　　　This matter is before the court on Plaintiff's Complaint, filed pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings.

　　　On July 25, 2025, the Magistrate Judge issued a Report recommending this matter be summarily dismissed without issuance and service of process as duplicative of a prior action, Civil Action No. 0:23-cv-00347. ECF No. 9.[1] The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff timely filed objections (ECF No. 12) and also filed a motion to amend his Complaint (ECF No. 14) and a "pretrial brief" (ECF No. 15). In addition, he recently filed a motion for issuance of summons (ECF No. 18), two additional motions to amend the complaint (ECF Nos. 20, 22), additional documents, and a proposed settlement agreement (ECF Nos. 23, 24).

---

[1] The Magistrate Judge also denied a motion for discovery, filed at ECF No. 6. See ECF NO. 9 at 4.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

The Magistrate Judge determined Plaintiff's current claims present the same set of facts and are based on the same legal theory as his previous civil action, and therefore should be dismissed as duplicative. ECF No. 9 at 3. Regarding Defendant "SC Treasure Office," the Report recommends dismissal as the Complaint does not set forth a cognizable claim against such a defendant. *Id.* at 4.

Plaintiff's objections contend his current claims differ from his previous case because he now contends Defendant Ferlauto "knowingly, and intentionally administered antipsychotic medication to Plaintiff (Wright) against his will, and without lawful authority, despite being presented with a valid court order dismissing Plaintiff's commitment." ECF No. 12 at 6. He submits he has brought a valid Eighth Amendment claim for cruel and unusual punishment. *Id.* at 7. He also asserts he has named different defendants. *Id.* at 10. Plaintiff "agree[s]" he has no claim against the "SC Treasure Office," yet asserts it must be joined as a party because the action would be subject to dismissal for failing to join "SC Treasure Office." *Id.* at 14-15.

2

The court agrees with the Magistrate Judge there does not appear to be a claim against the "SC Treasure Office," and Plaintiff has provided no information in his objections as to why it would be a necessary party. In addition, Defendants South Carolina Department of Mental Health and Wellpath are not amenable to suit under § 1983, as they are not "persons." See § 1983 ("Every <u>person</u> who, under color of [state law] subjects or causes to be subjected . . . to the deprivation of any rights . . . shall be liable to the party injured. . . ."); *Manning v. S. C. Dep't of Highway and Public Transp.*, 914 F. 2d 44, 48 (4th Cir. 1990) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989) (holding neither state agency nor its officials acting in their official capacaties are "persons" amenable to suit under § 1983). In addition, state agencies are entitled to immunity from suit in federal court under the Eleventh Amendment. *Weller v. Dep't. of Soc. Svcs. for the City of Baltimore*, 901 F.2d 387 (4th Cir. 1990).[2] Accordingly, the court hereby dismisses Defendants SC Treasure Office, Wellpath, and South Carolina Department of Mental Health.

However, Plaintiff asserts Dr. Ferlauto, a psychiatrist employed by the Department of Mental Health, administered antipsychotic medication to him against his will and without lawful authority, despite a court order dismissing Plaintiff's commitment. ECF No. 1. Construing Plaintiff's *pro se* Complaint liberally, it appears Plaintiff has alleged a claim against Ferlauto for forcible medication against his Fourteenth Amendment right not to be treated against his will

---

[2] Although Plaintiff requests "keeping Wellpath and SCDMH in the official capacity using discovery to identify other defendants throughout the conspiracy to add them in their individual capacities," (ECF No. 12 at 5 n.2), this is not permitted. Plaintiff must sue individuals acting under color of state law, in their individual capacity, in order to make a claim under § 1983.

3

absent certain circumstances. *See Washington v. Harper*, 494 U.S. 210 (1990).[3] Accordingly, it appears to the court Plaintiff's claim against Ferlauto may not be duplicative and thus may survive initial review.[4]

---

[3] It appears Plaintiff has amended at least some of the claims found to be insufficient in his first case – that he was being subjected to experimental treatments, for example. In the current complaint (ECF No. 1), he alleges that he has not consented to the treatments being administered after his commitment was dismissed.

[4] Plaintiff does not specify whether his claim against Ferlauto is in his individual capacity or official capacity. Under Fourth Circuit law, a plaintiff need not plead expressly the capacity in which he is suing a defendant in order to state a cause of action under § 1983. *Biggs v. Meadows*, 66 F.3d 56, 60 (4th Cir. 1995). When a plaintiff does not allege capacity specifically, the court must examine the nature of the plaintiff's claims, the relief sought, and the course of proceedings to determine whether a state official is being sued in his individual or official capacity. *Id.* at 61 ("Throughout, the underlying inquiry remains whether the plaintiff's intention to hold a defendant personally liable can be ascertained fairly."). Here, Plaintiff alleges the unconstitutional conduct involves Ferlauto's individual actions and does not reference an official policy or custom that might work to shield him from individual liability, and Plaintiff requests compensatory and punitive damages, which are not available in official capacity suits. *See id.* Accordingly, construing Plaintiff's Complaint liberally, it appears he is alleging a claim against Ferlauto in his individual capacity.

After a review of the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees in part this matter should be dismissed as to some Defendants. Accordingly, the court adopts the Report by reference in this Order as altered and supplemented above. Defendants SC Treasure Office, Wellpath, and South Carolina Department of Mental Health are dismissed without prejudice. The court hereby re-refers Plaintiff's claim against Ferlauto to the Magistrate Judge for review of Plaintiff's pending motions.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
October 9, 2025

5